UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JEFFREY A. LENIG, </br>  Plaintiff, | ) </br> ) </br> ) | |
| v. | ) </br> ) | CAUSE NO. 2:11-CV-186-TLS-JEM |
| JOSHUA SPONAUGLE, OSCAR COWEN, JR., JIM GASKILL, and DAVID LAIN, </br>  Defendants. | ) </br> ) </br> ) </br> ) | |

### FINDINGS, REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE PURSUANT TO
### 28 U.S.C. § 636(b)(1)(B) & (C)

This matter is before the Court on a Plaintiff's Motion and Brief for Relief from Judgment Pursuant to FRCP 60(b)(4) and (6) [DE 56], filed by Plaintiff on July 1, 2013. On July 9, 2013, Defendants filed a response. No reply has been filed and the time to do so has passed.

On November 20, 2013, District Judge Theresa L. Springmann entered an Order [DE 58], referring the instant Motion to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C) on the Motion to Dismiss. .

For the following reasons, the Court recommends that Judge Springmann deny Plaintiff's Motion and Brief for Relief from Judgment Pursuant to FRCP 60(b)(4) and (6).

### PROCEDURAL BACKGROUND

Plaintiff Jeffery A. Lenig filed his Complaint on March 14, 2011, in Porter County Superior

Court. On May 12, 2011, Plaintiff filed a Second Amended Complaint that included claims of false arrest, assault and battery, illegal confinement, unlawful coercion and intimidation, and denial of equal protection, in violation of the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983. On June 2, 2011, Defendants removed the case to the United States Federal Court for the Northern District of Indiana because the claims for constitutional violations were brought pursuant to federal law.

On October 2, 2012, Defendants Sponaugle and Cowen filed a Motion for Summary Judgment, and on October 5, 2012, Defendants Gaskill and Lain filed a Motion for Summary Judgment. On June 3, 2013, the court, by District Judge Theresa L. Springmann, granted Defendants' Motions for Summary Judgment and judgment was entered for Defendants and against Plaintiff on all of his claims.

On July 1, 2013, Plaintiff filed the instant Plaintiff's Motion and Brief for Relief from Judgment Pursuant to FRCP 60(b)(4) and (6).

**ANALYSIS**

Plaintiff asks the Court for relief from judgment entered on June 3, 2013, in the form of remanding his state law claims to Porter Superior Court. Plaintiff seeks relief pursuant to Federal Rule of Civil Procedure 60(b)(4) and (6). Under Rule 60(b)(4), a party is entitled to relief from judgment if the judgment was void. "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final," and is uncommon. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or

2

on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id*. at 271. When, as in this case, a party argues that "a judgment is void because of a jurisdictional defect," courts "generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *Id*.

Plaintiff also seeks relief under Rule 60(b)(6), which permits relief for "any other reason that justifies [it]." Fed. R. Civ. P. 60(b)(6). To prevail under this Rule "requires a showing of 'extraordinary circumstances.'" *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005) (*see also Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000) ("Rule 60(b) relief is an extraordinary remedy granted only in exceptional circumstances."). "[L]egal error is not a proper ground for relief under Rule 60(b). That rule is designed to allow modification in light of factual information that comes to light only after the judgment, and could not have been learned earlier." *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002); *see also Leigh v. Kemp*, 486 F. App'x 610, 611 (7th Cir. 2012) *cert. denied*, 133 S. Ct. 2827 (2013).

Plaintiff argues that the court improperly retained supplemental jurisdiction over his state law claims when it granted summary judgment to Defendants. Plaintiff, for the first time in the instant Motion and without citing case law in support of this proposition, appears to be arguing that the Court should have ruled on only the portion of Defendants' motions for summary judgment addressing his federal claims, and then stopped short of ruling on the related state law claims in order to remand them to state court.

Defendants removed the instant case from state court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1441(a) and 1446(b), giving the district court supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). As Plaintiff recognizes, "[t]he

3

district courts are statutorily authorized to decline supplemental jurisdiction over a state law claim" in certain circumstances, such as when "the district court has dismissed all claims over which it has original jurisdiction," Pl. Mot. at 2 [DE 56] (quoting 28 U.S.C. § 1367(c)(3)), but that authorization does not mean that a court *must* remand state claims back to state court. Indeed, "[t]he plain wording of the statute makes clear that a district court has the discretion to retain or to refuse jurisdiction over state law claims." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500-01 (7th Cir. 1999). In this case, the district court exercised its discretion to retain and rule on the related state law claims, claims that arose out of the same facts as the federal claims. *See id.* at 500 ("[The plaintiff's] state law claims arose out of the same set of facts . . . as his federal claim. Therefore, the district court had subject matter jurisdiction to consider [his] state law claims under § 1367(a). Moreover, our case law makes clear that the district court did not automatically lose that jurisdiction once it granted summary judgment on [the Plaintiff]'s [federal] claim.") (listing cases).

In addition, there are several circumstances that the Seventh Circuit Court of Appeals has identified as weighing strongly against remand of state claims: "when the [refiling] of the state claims is barred by the statute of limitations; where substantial judicial resources have already been expended on the state claims; and when it is clearly apparent how the state claim is to be decided." *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007); *see also RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 480 (7th Cir. 2012). In this case, substantial resources had been expended: more than two years had elapsed since filing, discovery had been completed, and Defendants had fully briefed their motion for summary judgment, including the state law claims. In addition, it was apparent that Defendants were entitled to summary judgment on Plaintiff's state law claims because he had abandoned them. *See De v. City of Chicago*, 912 F. Supp. 2d 709, 733-34 (N.D. Ill. 2012)

4

("the opposing party waives any argument that it does not present and develop in its memorandum of law in opposition to summary judgment") (summarizing a large body of case law). Even if the court could have been expected to bifurcate its ruling on the motions for summary judgment, any presumption in favor of remand was easily and obviously overcome.

Plaintiff is not entitled to relief from judgment under Rule 60(b)(4) or (6). A finding that a Plaintiff abandoned some of his claims is hardly an exceptional circumstance, and the court's exercise of supplemental jurisdiction over Plaintiff's state law claims was neither a jurisdictional defect nor an exceptional circumstance. Not only do his arguments fail on the merits, but his claims of legal error should have been brought on direct appeal rather than raised in a Rule 60(b) motion. *See, e.g., GHSC Assocs. Ltd. P'ship v. Wal-Mart Stores, Inc.*, 29 F. App'x 382, 385 (7th Cir. 2002) ("A Rule 60(b) motion cannot be used as 'an alternate route for correcting simple legal errors' . . . An appeal, as opposed to a Rule 60(b) motion, is the proper vehicle to redress claimed legal errors.") (quoting *Cash v. Ill. Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir.2000)).

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS that the District Court DENY** Plaintiff's Motion and Brief for Relief from Judgment Pursuant to FRCP 60(b)(4) and (6) [DE 56].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th

5

Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

So **ORDERED** this 30th day of January, 2014.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record